Leland Eugene Backus, Esq.
Nevada State Bar No. 473
Tess E. Johnson, Esq.
Nevada State Bar No. 13511
**BACKUS, CARRANZA & BURDEN**
3050 S. Durango Drive
Las Vegas, NV 89117
(702) 872-5555
gbackus@backuslaw.com
Attorneys for Defendant
*Schur Consumer Products, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARTHA LAMPLEY and REGINALD HAYES, | Case No.: 2:15-cv-01289-RFB-NJK |
| Plaintiffs, | STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS AND OTHER INFORMATION |
| vs. | |
| SMITH'S FOOD AND DRUG CENTERS, INC., a corporation; SCHUR CONSUMER PRODUCTS, INC., a foreign corporation; DOES I through X; and ROE ENTITIES I through X, | **AS AMENDED** |
| Defendants. | |

The parties by and through their respective undersigned counsel to hereby stipulate and agree that the Court may enter a Protective Order Governing Confidentiality of Documents and Other Information to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality; protect adequately material entitled to be kept confidential and privileged as proprietary or otherwise considered confidential or privileged company policies and procedures and to ensure that protection is afforded only to material or information so entitled.

It is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, hereby stipulated and agreed that the following terms and conditions applicable to discovery in this matter be entered by order of the Court:

A.   NONDISCLOSURE OF STAMPED CONFIDENTIAL DOCUMENTS.

Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person, except as authorized by this Order.

A "stamped confidential document" means any document which bears the legend or which shall otherwise have had the legend recorded upon it in any way that brings to the attention of a reasonable examiner. *"Confidential-Subject to Protective Order"* signifies that the document so marked contains the information believed to be subject to a protection under Federal Rules of Civil Procedure ~~N.R.C.P.~~ F.R.C.P. 26(c), under the various policies of the affected companies or agencies whose documents or information is being produced, or otherwise under federal or state law. For purposes of this order, the term "document" means all written, recorded or graphic material, whether produced or created by a party or another person pursuant to Rule 34, subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits and briefs that summarize or contain materials entitled to protection that may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. In the event a party examines or inspects the processes or equipment operations of a company, the notes, data compilations, photographs, videotaping or other type of recordation shall be deemed a document as defined herein.

B.   PERMISSIBLE DISCLOSURES.

Notwithstanding paragraph A, stamped confidential documents may be disclosed to the parties and counsel for the parties in the action who are effectively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants and employees of

BACKUS CARRANZA &
BURDEN
3050 S. DURANGO DR.
LAS VEGAS,
NEVADA 89117
(702) 872-5555

such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to Court officials involved in this litigation (including Court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of paragraph (c) below, such documents may also be disclosed:

   (a) To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

   (b) To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in litigation; to employees and parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retreating data or designating programs for data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees at third-party vendors to perform one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and submitted to counsel who provides the stamped confidential document a form (see Appendix A) containing:

     (1) a recital that the signatory has read and understands this order;

     (2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of Court;

     (3) a statement that the signatory consents to submit to the personal jurisdiction of this Court for enforcement of this stipulation and order.

## C. DECLASSIFICATION.

The parties shall meet and confer in a good faith effort to resolve any dispute concerning the propriety of marking documents as *Confidential-Subject to Protective Order* without court intervention. However, if the parties are unable to agree, a party (or entity permitted by the Court to

3

intervene for such purposes) may apply to the Court by ruling that a document (or categories of documents) stamped as confidential is not entitled such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of the confidentiality shall, by a preponderance of evidence, establish that there is good cause for the document to have such protection.

### D-1. CONFIDENTIAL INFORMATION IN DEPOSITIONS.

(a) A deponent may during the deposition be shown and examined about stamped confidential documents. Deponents shall not retain or copy portions of a transcript of their depositions that contain confidential information not provided by them or the entities that they represent unless they sign the form described in paragraph B(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may, within fifteen (15) days after first receiving a deposition transcript, in any form, including electronic or hard copy, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with a following legend: *"Confidential Subject to Protection Order."* Absent an agreement otherwise, until expiration of the fifteen (15) day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then neither the transcript nor any of the exhibits thereto will be treated as confidential, except that any exhibit to such transcript, if a stamped confidential document prior to the taking of the subject deposition, will remain confidential; if timely designation is made, the confidential portions and exhibits shall be filed or held under seal separate from the portions and exhibits not so marked.

### D-2. CONFIDENTIAL INFORMATION AT TRIAL OR HEARINGS.

~~Confidential information at trial subject to Federal rules of evidence, stamped confidential~~

Backus Carranza &
Burden
3050 S. Durango Dr.
Las Vegas,
Nevada 89117
(702) 872-5555

4

~~documents and other confidential information may be offered into evidence at trial or any Court hearing, provided the party submitting the evidence does so under seal.~~

E. **SUBPOENA BY OTHER COURTS OR AGENCIES.**

If another Court or administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such parties shall forthwith promptly notify the counsel for the party who designated the document as confidential of the pendency of such subpoena or order.

F. **FILING.**

*See order issued concurrently herewith*

~~Stamped confidential documents may not be filed with the clerk except when required in ith filings or other matters pending before the Court. If filed, they shall be filed under SEAL and shall remain SEALED while in the office of the clerk so long as they retain their status as stamped confidential documents.~~

G. **CLIENT REVIEW.**

The parties to this action are permitted to examine all confidential documents, but agree not to divulge or use the same unless otherwise permitted by this stipulation and order.

H. **PROHIBITIVE COPYING.**

If a document contains information so sensitive that it should not be copied by anyone, including counsel or counsel representatives for the parties, it shall bear the additional legend *"Copying Prohibited."* Application for relief from this restriction against copying may be made to the Court with notice to counsel so designating the document.

I. **USE.**

Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation in trial of this specific litigation (including appeals and re-trials), and shall not use such information for any other purpose, including, but not limited to, business, personal, separate litigation, or judicial procedures.

J. **NON-TERMINATION.**

The provisions of this order shall not terminate at the conclusion of this action. Within 60

BACKUS CARRANZA &
BURDEN
3050 S. DURANGO DR.
LAS VEGAS,
NEVADA 89117
(702) 872-5555

5

days after the final conclusion of all aspects of this litigation, stamped confidential documents and all copies of the same shall be returned to the counsel for the party that produced such documents, or, at the option of the holder of the documents destroyed. All counsel of record shall submit certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents, not more than 60 days after the final termination of this litigation.

### K.  MODIFICATION PERMITTED.

Nothing in this order shall prevent any party or other person seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

### L.  RESPONSIBILITY OF ATTORNEYS.

The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential documents except for working copies, copies for deposition exhibits and copies for filing with the Court under SEAL.

### M.  NO WAIVER.

(a) Review of confidential documents and information by any persons pursuant to this Order shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver in whole or in part, of any persons claim of confidentiality.

### N.  OBJECTIONS RESERVED.

Nothing contained in this confidentiality order and no action taken pursuant to it shall prejudice the right to any party to contest alleged relevancy, admissibility, or discoverability of confidential documents and information sought.

DATED this 17 day of ~~January~~ February, 2016.

**BACKUS, CARRANZA & BURDEN**

By: *[signature: Tess Johnson]*
Leland Eugene Backus, Esq.
Nevada Bar No. 473
Tess E. Johnson, Esq.
Nevada State Bar No. 13511
3050 South Durango Drive
Las Vegas, Nevada 89117
Attorneys for Defendant
Schur Consumer Products, Inc.

DATED this 15 day of ~~January~~ Feb, 2016.

**TANNER LAW FIRM**

By: *[signature]*
David A. Tanner, Esq.
Nevada Bar No. 008282
8635 S. Eastern Avenue
Las Vegas, NV 89123
(702) 987-8888
Attorney for Plaintiffs
Martha Lampley and Reginald Hayes

DATED this ___ day of January, 2016.

**COOPER LEVENSON, P.A.**

By: _____
Jerry S. Busby
Nevada Bar No. 001107
6060 Elton Avenue
Suite A
Las Vegas, NV 89107
(702) 366-1125
Attorneys for Defendant
Smith's Food & Drug Centers, Inc.

## **ORDER**

The parties jointly submitted a Stipulation and Proposed Protective Order Governing Confidential Documents and Other Information the terms and conditions of which the Court

BACKUS CARRANZA &
BURDEN
3050 S. DURANGO DR.
LAS VEGAS,
NEVADA 89117
(702) 872-5555

7

|   |   |
|---|---|
| 1 | By: _____ |
| 2 | Leland Eugene Backus, Esq.<br>Nevada Bar No. 473 |
| 3 | Tess E. Johnson, Esq.<br>Nevada State Bar No. 13511 |
|   | 3050 South Durango Drive |
| 4 | Las Vegas, Nevada 89117<br>Attorneys for Defendant |
| 5 | Schur Consumer Products, Inc. |

6   DATED this ____ day of January, 2016.

7                              **TANNER LAW FIRM**

8

9                              By: _____
                                    David A. Tanner, Esq.
10                                  Nevada Bar No. 008282
                                    8635 S. Eastern Avenue
11                                  Las Vegas, NV 89123
                                    (702) 987-8888
12                                  Attorney for Plaintiffs
                                    Martha Lampley and Reginald Hayes
13  DATED this 17th day of February, 2016

14                              **COOPER LEVENSON, P.A.**

15
                                By: _____
                                    Corey Maluu, #10911
16                                  p/Jerry S. Busby
                                    Nevada Bar No. 001107
17                                  6060 Elton Avenue
                                    Suite A
18                                  Las Vegas, NV 89107
                                    (702) 366-1125
19                                  Attorneys for Defendant
                                    Smith's Food & Drug Centers, Inc.

20

21

22                              **ORDER**

23

24       The parties jointly submitted a Stipulation and Proposed Protective Order Governing Confidential Documents and Other Information the terms and conditions of which the Court

BACKUS CARRANZA &
BURDEN
3050 S. DURANGO DR.
LAS VEGAS,
NEVADA 89117
(702) 872-5555

7

reviewed and does hereby approve and order adopted under Fed. R. Civ. P. 26(c).

Dated February 18, 2016

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

BACKUS CARRANZA &
BURDEN
3050 S. DURANGO DR.
LAS VEGAS,
NEVADA 89117
(702) 872-5555

8

# APPENDIX A TO STIPULATION

I, _____, have received, read, understand, and hereby agree to be bound by the terms of, the foregoing Stipulation (and any Court Order entered on the Stipulation), which I acknowledge have been provided to me. I agree not to disclose, discuss, or otherwise use any confidential document or information (as defined in the Stipulation) except to the extent allowed under, and in compliance with, the Stipulation. I further agree to take reasonable precautions to ensure that any confidential document or information provided to me remains in a secure and confidential location so as to prevent unauthorized access to such material.

I understand that my access to confidential document or information in this case is solely as a result of, and conditioned upon, my acceptance of, and agreement to be bound by, the terms of this Stipulation. I recognize that any failure to comply with the Stipulation, and any Court Order entered thereon, may result in action being taken against me. I hereby consent to the jurisdiction of the United States District Court for Nevada, for the sole purpose of enforcing the Stipulation and any Court Order entered thereon.

Dated: _____

Signed: _____

Print name: _____