# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARTHA LAMPLEY, et al., | Case No. 2:15-cv-01289-RFB-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | |
| SMITH'S FOOD & DRUG CENTERS, INC, et al., | (Docket Nos. 50-51) |
| Defendant(s). | |

Pending before the Court is the motion for leave to amend and the corresponding motion to extend the deadline to amend, filed by Defendant Smith's Food & Drug Centers, Inc. ("Smith's"). Docket Nos. 50-51. Defendant Schur Consumer Products, Inc. ("Schur") filed responses in opposition, and Plaintiffs filed a limited joinder in those responses. Docket Nos. 52-54. Smith's filed untimely replies. Docket Nos. 55-56.[1] The undersigned finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motions be **DENIED**.

---

[1] The responses were filed on June 27, 2016. The replies were due no later than July 7, 2016. *See* Local Rule 7-2(b); Fed. R. Civ. P. 6(d). The replies were not filed until July 11, 2016. The undersigned has no obligation to consider untimely replies. *E.g., Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 457 (D. Ariz. 2012) Nonetheless, the Court has considered the untimely replies and, for the reasons discussed below, finds them unpersuasive.

I.     BACKGROUND

This is a slip-and-fall case in which Plaintiff Martha Lampley alleges she slipped at a Smith's store. Ms. Lampley initially brought a negligence action in state court against Smith's and its parent company. *See* Docket No. 1-1. On July 8, 2015, Smith's removed the case to federal court on the basis of diversity jurisdiction. *See* Docket No. 1. About the same time, Smith's counsel was communicating with Schur, the manufacturer of the ice machine that Smith's alleges was the source of the slip hazard at issue. In particular, on July 21, 2015, Smith's counsel tendered the complaint in this case to Schur, asserting that surveillance evidence showed that the water or ice on which Plaintiff slipped came from a bag of ice that was not properly sealed by Schur's ice machine. *See* Docket No. 52 at 30. On August 20, 2015, the tender of defense was rejected. *See id.* at 31.[2]

At the same time, Smith's counsel was communicating with Plaintiff's counsel to add Schur as a defendant in the case. *See, e.g.*, Docket No. 52 at 34. On July 31, 2015, Plaintiff filed a motion to amend the complaint to add Schur as an additional defendant based on Smith's belief that Schur's ice machine caused or contributed to Ms. Lampley's fall. *See* Docket No. 7 at 3. Smith's filed a non-opposition to adding Schur as a defendant. *See* Docket No. 10.[3] On October 19, 2015, Plaintiff and Smith's stipulated to allow the complaint to be amended to add Reginald Hayes as an additional plaintiff and to add Schur as an additional defendant. *See* Docket No. 19. That stipulation was granted, and the amended complaint was filed on October 23, 2015. Docket Nos. 20, 21.

The scheduling order was originally entered in this case on August 21, 2015. Docket No. 15. That scheduling order set a deadline to amend the pleadings or add parties of October 6, 2015. *See id.* at 2. On September 21, 2015, the parties filed a stipulation to extend, *inter alia*, that deadline to December 4, 2015. Docket No. 16 at 3. The Court granted that stipulation. *See* Hearing Rec. (9/24/2015) at 9:18 a.m. On January 21, 2016, the parties (including Schur) filed a further stipulation

---

[2] That letter indicated that further evidence was required to support Smith's assertions, and that Schur's insurance carrier would further consider the demand for defense and indemnification if and when an amended complaint was filed adding Schur to the lawsuit. *See* Docket No. 52 at 31.

[3] Smith's opposed the motion to the extent it sought to add a different Schur entity, which it argued would have destroyed diversity. *See id.*

to extend, *inter alia*, the deadline to amend the pleadings to July 29, 2016. Docket No. 30 at 4. That same day the Court rejected that portion of the stipulation, and amended it to set the deadline to amend the pleadings at April 20, 2016. Docket No. 32 at 4.

The pending request to extend the deadline to amend was initially filed on June 6, 2016, Docket No. 47, and was refiled on June 8, 2016 so that it could be decided concurrently with the motion for leave to amend, Docket Nos. 50-51.

**II.    STANDARDS**

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the request through a two-step process. First, courts resolve the motion to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal*, 284 F.R.D. at 460.

When "good cause" has been established under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See*

*id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)). When the movant fails to establish good cause under Rule 16(b), however, that shortcoming is sufficient to deny the motion and the Court need not address whether the standards in Rule 15(a) have been met. *See, e.g.*, *Morgal*, 284 F.R.D. at 460.

### III.   ANALYSIS

Schur argues that Smith's requests to extend the deadline to amend and for leave to amend must be denied because Smith's has failed at the outset to establish diligence. *See, e.g.*, Docket No. 52 at 12. Smith's proposed cross-claim is premised on its contention that Schur owes it a duty to defend and indemnify it in this action, and breached their contract. *See, e.g.*, Docket No. 51 at 3, 5. Schur contends that the facts giving rise to that proposed cross-claim were known to Smith's as of at least August 2015, or roughly 10 months before it sought leave to amend. *See, e.g.*, Docket No. 52 at 9-10. Schur supports that contention by pointing to a letter that was sent to Smith's on August 20, 2015, denying Smith's tender of defense from Schur. *See id.* at 13; *see also id.* at 30 (letter dated August 20, 2015).

Smith's fully acknowledges that it "**could have filed a cross-claim against Schur earlier in the litigation**." Docket No. 55 at 3 (emphasis in original). Even more specifically, Smith's "admits that it could have sought leave to amend before the April 20, 2016 deadline to amend the pleadings." *Id.* at 6. Nonetheless, Smith's argues that it was diligent in seeking leave to bring the proposed cross-claim because it made a strategic litigation decision to delay in doing so. *See id.* at 3, 7. In particular, Smith's touts that it "had a strategic purpose behind waiting to file the cross-claim: to see if Schur would cooperate with SMITH'S in a joint defense and then arbitrate the indemnification claims later." Docket No. 55 at 7.[4] Smith's counsel contacted Schur's counsel about retaining a joint medical expert and

---

[4] Smith's also highlights that its counsel failed to review the Court's order setting the operative deadline to amend the pleadings, *see, e.g.*, Docket No. 50 at 3, despite the caption of that order and the docket both highlighting that the Court was not accepting all of the dates proposed, *see* Docket No. 32 at 1 ("**As amended, pages 4, 6**" (emphasis in original)); Docket No. 32, docket entry (same). That Smith's counsel failed to review that order does not provide a basis for granting relief, as "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

potentially entering a defense agreement on May 3, 2016, at which time Schur rejected that offer. *See* Docket No. 50-1. Smith's argues that it was proper not to seek leave to amend by the applicable deadline because this conversation occurred thereafter.

    Smith's own arguments defeat its motion. While the applicable standard turns on whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment," *Johnson*, 975 F.2d at 609, Smith's freely "admits that it could have sought leave to amend before the April 20, 2016 deadline to amend the pleadings," Docket No. 55 at 6. Instead of promptly bringing that cross-claim, Smith's represents that it made a strategic decision to delay in doing so in an apparent effort to extract cooperation from Schur. Docket No. 55 at 7.[5] The failure to comply with a scheduling order deadline based on a strategic litigation decision to delay is antithetical to the required showing of diligence necessary to extend that deadline. *Cf. Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1026-27 (9th Cir. 2006).[6]

---

[5] The strategy behind this delay is unexplained and unclear. Smith's contends that it was pursuing a strategy of presenting a "united front" in this case with Schur. *See* Docket No. 50 at 2. Moreover, Smith's asserts that "[t]he filing of a cross-claim against a business partner is not something that SMITH'S takes lightly." *Id.* As a result, Smith's "chose not to [seek leave to file a cross-claim to] see if Schur would cooperate with Smith's in a joint defense." Docket No. 55 at 3 (emphasis omitted). What is absent is an explanation as to why Smith's could not obtain a decision from Schur regarding a joint defense promptly upon Schur appearing in this case in December 2015. *See* Docket No. 26 (Schur's motion to dismiss). Had Smith's acted diligently in that regard, it would have had ample time to evaluate whether it should file a cross-claim prior to the deadline to amend lapsing.

    Although significantly less developed, Smith's also mentions that it wanted to wait to pursue a cross-claim until "it became clear that Schur denied liability for the accident." Docket No. 50 at 4. Smith's erroneously states that "[t]his did not take place until May 3, 2016," *see id.*, when in reality Schur's denial of liability for the accident was abundantly clear when it filed its answer on February 17, 2016, *see* Docket No. 36 at ¶¶ 15-19 (denying liability on Plaintiff's negligence claim). To the extent Schur's denial of liability was a catalyst for Smith's decision to bring a cross-claim, Smith's had ample time to seek leave to amend before the April 20, 2016 deadline.

[6] Smith's argument that it wanted to obtain deposition testimony prior to seeking leave to amend, *see* Docket No. 50 at 5, is also plainly inadequate to establish diligence given that the basis for its claims were already known, *see, e.g.*, *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 WL 10059063, *3 (D. Nev. Dec. 5, 2015), *adopted*, 2016 WL 589668 (D. Nev. Feb. 11, 2016).

Accordingly, the undersigned finds that Smith's failed to establish the diligence required to satisfy Rule 16(b)'s good cause standard. Because a showing of diligence has not been made, the undersigned recommends denying the motions to extend and for leave to amend.

## IV. CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the pending motions be **DENIED**.

IT IS SO ORDERED.

DATED: July 19, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.